**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANE WEINSHEIMER, an individual, | No. 16-56725 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00991-DOC-KES |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Diane Weinsheimer appeals from the district court's judgment dismissing

her action alleging federal and state law claims arising from non-judicial

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6), and we

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Dismissal of Weinsheimer's claims under Cal. Civ. Code §§ 2934(a) and 2824.17 was proper because these claims challenge defendants' authority to foreclose prior to foreclosure. *See Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (preemptive challenges to foreclosure are not allowed under California law).

The district court properly dismissed Weinsheimer's claim under Cal. Bus. & Prof. Code § 17200, *et seq.*, because Weinsheimer failed to allege facts sufficient to show that defendants engaged in unfair or unlawful business practices. *See McDonald v. Coldwell Banker*, 543 F.3d 498, 506 (9th Cir. 2008) ("An unfair business practice is one that either offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." (citations and internal quotation marks omitted)); *Aleksick v. 7-Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Ct. App. 2012) (an unfair competition law cause of action under the "unlawful" prong fails if a statutory predicate is not stated).

The district court did not abuse its discretion by denying Weinsheimer leave to amend because amendment would be futile. *See Chappel v. Lab. Corp.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining

that "[a] district court acts within its discretion to deny leave to amend when amendment would be futile . . . ."); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend).

We do not consider allegations or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-56725